UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>COUDERT BROTHERS LLP<br>LAW FIRM ADVERSARY PROCEEDINGS | Index No. 10-CV-9334 (GBD) |
| In re:<br><br>COUDERT BROTHERS LLP,<br><br>      Debtor. | Bankruptcy Court<br>Case No. 06-12226 (RDD) |
| DEVELOPMENT SPECIALISTS, INC.,<br>in its capacity as Plan Administrator for<br>Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>AKIN GUMP STRAUSS HAUER & FELD LLP,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1490 (RDD) |
| DEVELOPMENT SPECIALISTS, INC.,<br>in its capacity as Plan Administrator for<br>Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>ARENT FOX LLP,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1491 (RDD) |
| DEVELOPMENT SPECIALISTS, INC.,<br>in its capacity as Plan Administrator for<br>Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>DORSEY & WHITNEY LLP,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1492 (RDD) |

| | |
|---|---|
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>DUANE MORRIS, LLP,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1493 (RDD) |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>JONES DAY,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1494 (RDD) |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>JONES DAY and SCOTT JONES,<br><br>      Defendants. | Bankruptcy Court<br>Adv. Pro. No. 08-1446 (RDD) |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>JONES DAY and<br>GEOFFROY DE FOESTRAETS,<br><br>      Defendants. | Bankruptcy Court<br>Adv. Pro. No. 08-1433 |

| | |
|---|---|
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>JONES DAY and<br>JINGZHOU TAO,<br><br>      Defendants. | Bankruptcy Court<br>Adv. Pro. No. 08-1486 (RDD) |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>K&L GATES LLP,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1495 (RDD) |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>MORRISON & FOERSTER LLP,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1496 (RDD) |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>      Plaintiff,<br>v.<br><br>SHEPPARD MULLIN RICHTER & HAMPTON LLP,<br><br>      Defendant. | Bankruptcy Court<br>Adv. Pro. No. 08-1500 (RDD) |

| | |
|---|---|
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>               Plaintiff,<br>v.<br><br>DLA PIPER (US) LLP,<br><br>               Defendant. | Bankruptcy Court<br>Adv. Pro. No. 09-1148 (RDD) |
| DEVELOPMENT SPECIALISTS, INC., in its capacity as Plan Administrator for Coudert Brothers LLP,<br><br>               Plaintiff,<br>v.<br><br>DECHERT LLP,<br><br>               Defendant. | Bankruptcy Court<br>Adv. Pro. No. 09-1149 (RDD) |

## **DECLARATION OF CLAIRE L. HUENE**

Claire L. Huene hereby declares under penalty of perjury:

1.     I am a member of Miller & Wrubel P.C., counsel for defendant Dechert LLP ("Dechert"). I submit this Declaration in support of the motions (the "Motions"), by all law firm defendants (the "Law Firm Defendants") in the above-referenced adversary proceedings (the "Proceedings"), to withdraw the reference to the Bankruptcy Court and for abstention in light of the Supreme Court's recent decision in *Stern v. Marshall*, 564 U.S. ---, 131 S. Ct. 2594 (June 23, 2011).

2.     The Motions are identical in all the Proceedings. The Law Firm Defendants submit a joint memorandum of law and this Declaration in support of all the Motions. In addition, the Proceedings involve substantially identical causes of action and legal issues. The Law Firm Defendants respectfully submit that the Motions should be heard and decided together.

3.      For the Court's convenience, attached hereto as Exhibits A and B are two of the complaints filed by plaintiff Development Specialists, Inc. ("DSI") against the Law Firm Defendants. Exhibit A is DSI's complaint against Akin Gump Strauss Hauer & Feld LLP ("Akin Gump"). With the exception of DSI's complaint against Dechert, DSI's complaints against the remaining Law Firm Defendants are substantially identical to the complaint against Akin Gump. DSI's complaint against Dechert includes additional claims not asserted against the other Law Firm Defendants, and therefore that complaint is attached hereto as Exhibit B.

4.      The Motions are timely because shortly after the *Stern* decision, I reached out to DSI's counsel, David Adler, about whether the parties could agree on how to proceed in light of *Stern* and thereby prevent unnecessary motion practice. On July 8, 2011, I spoke with Mr. Adler regarding the impact of *Stern*, and he indicated that DSI might consent to withdrawal of the reference to the Bankruptcy Court and agree to re-file the Proceedings in state court.

5.      On July 13, 2011, I spoke with Mr. Adler by telephone and he asked whether all the Law Firm Defendants would agree to coordinate the Proceedings if the reference was withdrawn.

6.      On July 14, 2011, I reported to Mr. Adler that I had consulted with counsel for the other Law Firm Defendants, and that I believed all would agree to coordinate the Proceedings, and that all believed that state court was the proper forum to address DSI's novel state law claims.

7.      On July 19, 2011, Mr. Adler notified me by telephone that DSI was not willing to re-file in state court, but was still considering whether to consent to withdrawal of the reference.

8. On July 26, 2011, Mr. Adler informed me by telephone that DSI would consent to withdrawal of the reference, but only if the Law Firm Defendants agreed not to "challenge" the Bankruptcy Court's August 7, 2009 bench ruling. In that bench ruling, the Bankruptcy Court held that DSI's state law causes of action for "profits" on hours worked by former Coudert partners on former Coudert hourly-rate matters after they joined the Law Firm Defendants were cognizable under New York law, and denied the Law Firm Defendants' motions to dismiss. *See, e.g.*, Order dated January 19, 2010 in the Dechert Proceeding, which incorporated by reference the August 7, 2009 bench ruling (as modified) [Docket Entry No. 11 in Adv. Pro. No. 09-01149]. A copy of the August 7, 2009 modified bench ruling is attached hereto as Exhibit C.

9. I informed Mr. Adler that the Law Firm Defendants would not so agree, and would instead bring the instant Motions.

10. Attached as Exhibit D is a true and correct copy of the New York Supreme Court's decision in Burke v. Clifton, Budd & DeMaria, Index. No. 1454/91-003 (Sup. Ct. N.Y. Co. July 27, 1992), an unpublished decision cited in the Law Firm Defendants' joint memorandum of law.

Dated: August 24, 2011

                                                                           CLAIRE L. HUENE